**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4535

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

YASHINE ABDUL MCLAIN,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  James A. Beaty, Jr.,
District Judge.  (1:12-cr-00369-JAB-1)

Submitted:  January 21, 2014          Decided:  January 23, 2014

Before MOTZ, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr.,
Assistant Federal Public Defender, Greensboro, North Carolina,
for Appellant.  Timothy Nicholas Matkins, Special Assistant
United States Attorney, Greensboro, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yashine Abdul McLain pled guilty without a plea agreement to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012), and was sentenced to 110 months in prison. McLain's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether McLain's sentence is reasonable. McLain has not filed a pro se supplemental brief, despite receiving notice of his right to do so, and the Government has declined to file a responsive brief. We affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Gall, 552 U.S. at 51. We first assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2012), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-51; United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). If the sentence is free of significant procedural error,

we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza–Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

In this case, the district court properly calculated McLain's Guidelines range, treated the Guidelines as advisory, and considered the applicable § 3553(a) factors. Moreover, the record establishes that the district court based McLain's sentence on its "individualized assessment" of the facts of the case. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Accordingly, we conclude that McLain's within-Guidelines sentence is both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform McLain, in writing, of the right to petition the Supreme Court of the United States for further review. If McLain requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McLain. We dispense with oral argument because

3

the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED